**Ex parte Shirley Ann SPATES.**

**No. 49675.**

Court of Criminal Appeals of Texas.

April 9, 1975.

**266**

John W. Jennings, Huntsville, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

In compliance with a prior per curiam order in this cause, the convicting court received a stipulation of evidence on petitioner's contention and entered findings of fact and conclusions of law. The application is now ripe for disposition by this Court.

Petitioner seeks credit on her felony theft sentence imposed following revocation of probation. The following sequence of events is the basis for petitioner's claim. In December 1971, petitioner was convicted of felony theft in the 104th District Court in Taylor County, cause number 3969–B, and placed on probation. On February 21, 1973, a Motion to Revoke Probation was filed in that cause. Petitioner was initially arrested by the Harris County Sheriff's Department on December 26, 1973, on a Fort Bend County capias. On January 4, 1974, while she was in Harris County, a telegram was sent from the Taylor County Sheriff's Office and was received by the Harris County Sheriff's Department, requesting that petitioner be held for Taylor County for the probation revocation proceedings. Petitioner was subsequently sent to Fort Bend County and then to the Texas Department of Corrections before being returned to Taylor County for the probation revocation proceedings.

In Ex parte Alvarez, 519 S.W.2d 440 (1975), this Court held:

"Credit for jail time against the Nueces County conviction depends entirely upon petitioner being in jail in *that* cause. He was first arrested in Harris County on a case from Harris County. Until there was some change in the status or cause for his detention in Harris County, he would be entitled to no jail credit for time in the Harris County jail in any other case than that for which he was being held. The simple fact of communication between petitioner's counsel and the Nueces County prosecutor, referred to in paragraph III of the trial court's findings, would not change the status or cause for his detention. Unless there was some communication or hold sent to the Harris County custodian, there would be no change in the basis for his confinement. . . ."

Unlike *Alvarez*, in which no communication or hold was sent to the custodian prior to the bench warrant, in the instant case communication was made January 4, 1974, and followed up with a formal capias. Petitioner is entitled to credit against her sentence in 104th District Court cause number 3969–B from January 4, 1974. Article 42.03, Vernon's Ann.C.C.P.

It is so ordered.

A copy of this opinion will be sent to the Texas Department of Corrections.