**Ex parte Bobby CROSSLEY**

**No. 61803.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The applicant claims that he is being denied credit to which he is entitled for time spent in jail. The facts are not disputed. In 1975 the applicant was granted felony probation. In December of 1976 the State filed a motion to revoke the probation; the applicant was arrested and released on his personal bond. On March 28, 1977, the applicant was arrested on a burglary indictment, which alleged an offense different from the one on which the motion to revoke was based. Unable to make bond on the burglary charge, the applicant remained in jail until September 12, 1977, when his probation was revoked for the violation that had been alleged in 1976. The sentence begins on September 12, 1977. The burglary indictment was dismissed several weeks later, "as [it was] taken into consideration at the Revocation of Probation hearing."

The applicant claims that he is entitled to credit for time spent in jail from March 28 to September 12, 1977; that is, from his arrest on the burglary indictment until his probation in another cause was revoked for a different violation. The question is whether this time was spent "in the cause" in which the applicant was sentenced, for Article 42.03, V.A.C.C.P., provides:

"Sec. 2. In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail *in said cause,* from the time of his arrest and confinement until his sentence by the trial court." [Emphasis supplied.]

On the face of it, the applicant was not confined in the same cause for which he was sentenced. His argument is based on *Ex parte Spates,* 521 S.W.2d 265 (Tex.Cr. App.1975), which he says "requires that a defendant must receive credit for time spent in jail on a charge that impedes his release." The argument misstates the law. The principle established by *Spates* and its predecessor, *Ex parte Alvarez,* 519 S.W.2d 440 (Tex.Cr.App.1975), is that jail credit must be awarded in each cause that was an independent and sufficient cause of detention. The appellant had been admitted to personal bond on the motion to revoke months before he was indicted for an unrelated burglary. There is no showing that the bond was revoked. Presumably, if the burglary indictment had been dismissed or the appellant acquitted, the personal bond would have been still in effect and the applicant would have been released on it. There is nothing to show that the motion to revoke "would . . . have prevented petitioner's lawful release from custody by the . . . custodian upon an acquittal in the [burglary] case." *Ex parte Alvarez,* 519 S.W.2d 440, 443 (Tex.Cr.App.1975).

The applicant argues that his "jail record" must have shown that the motion to revoke was pending (along with charges for burglary, forgery, possession of marijuana, and driving without a license), and this must have influenced the amount of bail set on the burglary indictment. Assuming that these arguments were based on facts shown in the record (which they are not), they still would not constitute an independent and sufficient cause of detention.

The relief requested is denied.