11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David
Anthony Holder

Appellant

Vs.      
            No. 11-01-00362-CR
B 
Appeal from Collin County

State of Texas

Appellee

 

The trial
court revoked appellant=s community supervision for the offense of deadly conduct (the deadly
conduct offense) and assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of two years.  In its judgment, the
trial court did not credit appellant on his sentence with the time that he
spent in jail prior to his sentencing. 
We modify and affirm.

Background
Facts

Appellant
committed the deadly conduct offense and an aggravated assault offense (the
aggravated assault offense) on April 10, 1999.[1]  Appellant was arrested in connection with
these offenses on April 22, 1999.  On
September 30, 1999, the trial court sentenced appellant to two years
confinement for the deadly conduct offense but diverted appellant to Aboot camp@ pursuant to TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 8 (Vernon Supp. 2002).  In its judgment, the trial court credited
appellant on his sentence for the 162 days that appellant spent in jail from
the date of his arrest and confinement until the date of sentencing (April 22,
1999, through September 30, 1999).  By
order in the aggravated assault cause, also dated September 30, 1999, the trial
court placed appellant on ten years deferred adjudication community supervision
for the aggravated assault offense. 
Appellant successfully completed Aboot camp@; and,
on January 27, 2000, the trial court placed him on two years community
supervision for the deadly conduct offense. 









On August
5, 2000, appellant committed the offense of aggravated sexual assault of a
child (the aggravated sexual assault offense). 
On August 21, 2000, the State, based upon allegations independent of the
aggravated sexual assault offense, filed a motion to revoke appellant=s community supervision in this cause and a
petition for an adjudication of guilt in the aggravated assault cause.  On November 9, 2000, appellant was arrested
and confined in connection with all three offenses.  Later, the State amended the motion to revoke and the petition
for an adjudication of guilt to include allegations of the aggravated sexual
assault charge.  

On August
27, 2001, the aggravated sexual assault cause went to trial.  During jury deliberations, the trial court
heard evidence and considered the motion to revoke community supervision in
this cause and the petition to adjudicate guilt in the aggravated assault
cause.  Appellant admitted that most of
the allegations in the motion and the petition were true.  The jury returned a guilty verdict in the
aggravated sexual assault cause.  The
trial court then revoked appellant=s community supervision in this cause and found appellant guilty of the
aggravated assault offense.  

In its
judgment in this cause, the trial court sentenced appellant to two years
confinement and ordered the sentence to run concurrently with the 10 year
sentence for the aggravated assault offense and consecutively with the 15 year
sentence for the aggravated sexual assault offense.  The judgment did not credit appellant with any time spent in jail
before sentencing.  

Issue
Presented

In his
sole point of error, appellant complains that the trial court erred in failing
to credit him  on his sentence for the
time that he spent in jail before his sentencing.

Credit
for Back Time 








It is
mandatory for a trial court to give the defendant credit on his sentence for
time that the defendant spent in jail from the time of his arrest and
confinement until the time of sentencing by the trial court.  TEX. CODE CRIM. PRO. ANN. art. 42.03, ' 2(a) (Vernon Supp. 2002).  Appellant spent two time periods in jail
before the trial court sentenced him in this cause, but the trial court did not
credit appellant for that time.  On
April 22, 1999, appellant was arrested and confined for the deadly conduct
offense in this cause and the aggravated assault offense.  Because each offense was Aan independent and sufficient cause of
detention,@ appellant is entitled to a credit on his
sentences on each of the offenses for the time spent in jail from the date of
his arrest and confinement until the date of his sentencing.  See Ex parte Crossley, 586 S.W.2d 545, 546
(Tex.Cr.App.1979); Ex parte Spates, 521 S.W.2d 265, 266 (Tex.Cr.App.1975).  On November 9, 2000, appellant was arrested
in connection with the motion to revoke his community supervision in this
cause, the petition to adjudicate guilt in the aggravated assault cause, and
the aggravated sexual assault cause. 
Each of the three causes was Aan independent and sufficient cause of detention.@  See
Ex parte Crossley, supra at 546; Ex parte Spates, supra at 266.  When a motion to revoke is an independent cause
of a detention, the defendant is entitled to a credit for time served pending
the motion to revoke.  See Ex parte
Bates, 978 S.W.2d 575, 578 (Tex.Cr.App.1998); Guerra v. State, 518 S.W.2d 815,
817 (Tex.Cr.App.1975).  Therefore,
appellant is entitled to a credit for time served pending the motion to
revoke.  We sustain appellant=s sole point of error.[2]  

A review
of the record establishes the proper credit for appellant=s sentence. 
In its earlier judgment in this cause sentencing appellant to Aboot camp,@ the trial court credited appellant with the 162 days that he spent in
jail from the date of his initial arrest and confinement until the date of the
judgment (April 22, 1999, through September 30, 1999).  The record supports a finding that appellant
served 294 days in jail from the date of his arrest and confinement in connection
with the motion to revoke his community supervision until the date that the
trial court sentenced him (November 9, 2000, through August 29, 2001).  He is entitled to 456 days credit (162 days
plus 294 days) on his sentence in the trial court=s judgment. 

 

 








                                                    This
Court=s Ruling                                

We modify
the trial court=s judgment to credit appellant with 456 days
on his 2 year sentence and, as modified, affirm.  See TEX.R.APP.P. 43.2.

 

PER
CURIAM

 

October 10, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Appellant has also appealed from his conviction of  aggravated assault in Cause No.
11-01-00363-CR and from his conviction of aggravated sexual assault of a child
in Cause No. 11-01-00364-CR.  We address
the issues raised by appellant in those appeals in separate opinions.    





     [2]The State asserts that this appeal is the wrong forum
for appellant to present his claim for credit. 
Instead, the State argues that appellant should be required to follow
the internal prison procedure that exists for prison  inmates to challenge their time credits.  TEX. GOV=T
CODE ANN. ' 501.0081(a) (Vernon Supp. 2002) provides that the
Department of Corrections:

 

[S]hall develop a system that allows resolution of a
complaint by an inmate who alleges that time credited on the inmate=s sentence is in error and does not accurately reflect
the amount of time-served credit to which the inmate is entitled. 

 

We disagree that it is necessary for appellant to seek
relief through the internal prison procedure. 
In this cause, the trial court erred by failing to credit appellant for
time served.  This appeal is the proper
forum for appellant to raise error by the trial court.