NUMBER 13-04-00085-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


GEORGE MARTINEZ,                                                                       Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                      
                                                 

    On appeal from the 105th District Court of Nueces County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, George Martinez, guilty of
the offense of possession of less than one gram of cocaine,[1]
and assessed his punishment at twenty months=
confinement in a state jail and a $500 fine. 
The trial court has certified that this Ais not
a plea bargain case, and [appellant] has the right of appeal.@  See Tex. R. App. P. 25.2(a)(2).  By two points of error, appellant contends
the trial court erred (1) in denying his motion to suppress and (2) in denying
him pre-trial jail credit.  We affirm.

This is a memorandum
opinion not designated for publication. 
Because all issues of law presented by this case are well settled and
the parties are familiar with the facts, we will not recite the law and the
facts here except as necessary to advise the parties of our decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.

A.  Motion to Suppress

By his first point of error, appellant contends the
trial court erred in overruling his motion to suppress.  Specifically, appellant asserts there was no
probable cause for his arrest.   

1.  Standard
of Review








A trial court=s ruling on a motion to suppress is generally
reviewed for abuse of discretion.  See
Ford v. State, 26 S.W.3d 669, 672 (Tex. App.BCorpus Christi 2000, no pet.) (citing Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)).  In a suppression hearing, the trial court is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given to their testimony.  State
v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  In reviewing a trial court=s ruling on a motion to suppress, we afford almost
total deference to the trial court=s determination of the historical facts that the
record supports, especially when the trial court=s
findings turn on evaluating a witness=s credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We afford the same amount of
deference to the trial court=s ruling on Aapplication of law to fact questions,@ also known as Aquestions of law and fact,@ if resolving those ultimate questions turns on
evaluating credibility and demeanor.  Ross,
32 S.W.3d at 856; Guzman, 955 S.W.2d at 89.  However, we review de novo questions of law
and Amixed questions of law and fact@ that do not turn on an evaluation of credibility
and demeanor.  Ross, 32 S.W.3d at
856; Guzman, 955 S.W.2d at 89. 
Where, as here, no findings of fact are filed by the trial court, Awe view the evidence in the light most favorable to
the trial court=s ruling and assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record.@  Ross,
32 S.W.3d at 855-56.

2. Applicable Law








A police officer may stop and briefly detain a
person for investigative purposes if the officer has a reasonable suspicion
supported by articulable facts that, given the officer=s experience and general knowledge, lead to the reasonable
conclusion that criminal activity is afoot and the detained person is
associated with the activity.  Terry
v. Ohio, 392 U.S. 1, 29-30 (1968); Davis v. State, 947 S.W.2d 240,
244 (Tex. Crim. App. 1997); Cerny v. State, 28 S.W.3d 796, 798 (Tex.
App.BCorpus Christi 2000, no pet.).  Probable cause is not required, only an
objective reasonable suspicion.  Terry,
392 U.S. at 29; Cerny, 28 S.W.3d at 800. 
Reasonable suspicion requires Athat there is something out of the ordinary
occurring and some indication that the unusual activity is related to crime.@  Davis,
947 S.W.2d at 244.  In evaluating the
reasonableness of a stop, the totality of the circumstances present in each
case must be considered to understand the Awhole picture.@ Cerny, 28 S.W.3d at 800; see Woods v.
State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).  A trained police officer is entitled to rely
on his or her knowledge of a particular location and certain actions of
individuals in determining whether an investigative search is warranted.  McKinney v. State, 761 S.W.2d 549, 553
(Tex. App.BCorpus Christi 1988, no pet.) (citing United
States v. Gomez, 633 F.2d 999, 1004 (2d Cir. 1980) (stopping car in area of
high narcotics activity valid factor)). 
However, mere presence alone in an area of high crime or narcotics
activity is insufficient to warrant an investigatory search.  Id.

The behavior of an individual can be a factor in
determining the legality of a search. Illinois v. Wardlow, 528 U.S. 119,
124-25 (2000).   Actions such as
nervousness, furtive gestures, sudden movements towards pockets, or flight are
susceptible to reasonable suspicion, although alone the acts may be
innocent.  Wardlow, 528 U.S. at
124; Woods, 956 S.W.2d at 38; Worthey v. State, 805 S.W.2d 435,
438-39 (Tex. Crim. App. 1991).  These
actions combined with other factors, i.e., presence in high crime area, can
give rise to the requisite level of suspicion justifying an investigative
detention.  Wardlow, 528 U.S. at
124-25.  The United States Supreme Court
has acknowledged that sometimes innocent people may be stopped and detained in
order for police officers to resolve behavioral ambiguities. Id. (citing
Terry, 392 U.S. at 5-6).

3. Analysis








Appellant asserts that the police officers lacked
probable cause or reasonable suspicion to conduct a Terry stop and frisk
because he was merely standing on a street corner, not engaging in any illegal
activity.  As indicated in Wardlow,
one factor alone may be insufficient to permit a stop.  Wardlow, 528 U.S. at 124-25.  However, several factors were present in the
case at bar raising reasonable suspicion that there was Asomething out of the ordinary occurring . . .
related to crime.@  Davis,
947 S.W.2d at 244.  At the suppression
hearing, Officer Espinosa testified that appellant was standing on a street
corner at 4:50 a.m. with a female in an area known for high narcotics activity,
and appellant and the female made furtive movements as soon as they noticed the
police patrol unit.  Suspecting appellant
and the female were concealing weapons or drugs, the officers stopped their
vehicle and approached appellant.  The
officers, drawing upon their knowledge of the area, law enforcement training,
and experience,[2]
determined that a search was warranted. 
Officer Espinosa escorted appellant to the rear of the police unit,
advised appellant that he would conduct a Terry frisk, and asked appellant if
he had anything in his pockets about which the officer needed to know.  Officer Espinosa testified that cocaine was
discovered in appellant=s pocket after appellant disclosed its location.

In light of the totality of the circumstances, we
conclude that reasonable suspicion existed to warrant the investigatory search
of appellant, and having probable cause that appellant was in possession of a
controlled substance, the officers made a lawful arrest.  See Cerney, 28 S.W.3d at 798.  We hold the trial court did not err in
denying appellant=s motion to suppress.  Appellant=s
first point of error is overruled.

B.  Credit for Time Served

By his second point of error, appellant complains
the trial court abused its discretion in assessing his punishment at twenty
months= confinement in a state jail and not giving him
credit for time served in county jail before he was sentenced.  He claims his total sentence exceeds the
twenty-four month maximum permitted by law for a state jail felony.

 








1. Applicable Law

It is well settled that Ain all criminal cases the judge . . . shall give the
defendant credit on his sentence for the time that the defendant has spent in
jail in said cause . . . from the time of his arrest and confinement
until his sentence by the trial court.@  Tex. Code Crim. Proc. Ann. art.
42.03(2)(a) (Vernon 2004) (emphasis added). 
A trial court must award credit for time served for the same offense and
not time incarcerated pre-trial for independent offenses.  See Ex parte Crossley, 586 S.W.2d 545,
546 (Tex. Crim. App. 1979).  However,
time credit is subject to the discretion of the trial court when the pre-trial
time was accrued in a county facility and it is to be credited to a state
facility sentence.  Tex. Code Crim. Proc. Ann. art.
42.12(15)(h)(2) (Vernon 2004); Ex parte Bates, 978 S.W.2d 575, 577 (Tex.
Crim. App. 1998). 

2. Analysis

Appellant was incarcerated because he was charged
with this case and was arrested for a separate unrelated parole violation.  He was in the county jail for seven months
before he was tried and sentenced in this case. 
The trial court was not required to give him time credit for the parole
violation.  See Crossley, 586
S.W.2d at 546.








Appellant contends that because he is indigent, time
credit must be given in accordance with Ex parte Harris.[3]  Harris is distinguishable from the
instant case because Harris relates to time credit given for the same
offense.  Ex parte Harris, 946
S.W.2d 79, 80 (Tex. Crim. App. 1997). 
Appellant was incarcerated for two separate offenses:  the possession charge in this case and the
violation of his parole.  For this
reason, we hold Harris is inapplicable.

Regardless of indigence, if appellant had been able
to post bond for the controlled substance charge in this case, he would not
have been released; instead, he would have remained incarcerated pending a
hearing before the parole board on his parole violation charge.  See Tex.
Gov=t Code Ann. ' 508.254(c) (Vernon 2004).

We hold the trial court did not abuse its discretion
in denying appellant credit for jail time served before he was sentenced in
this case.  Appellant=s second point of error is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
28th day of July, 2005.











[1] See Tex.
Health & Safety Code Ann. ' 481.115(a)(b) (Vernon 2003).





[2] Officer Espinosa testified he had
been a police officer for seven years, and Officer Mersing testified he had
been a police officer for nine years.





[3] A defendant must be given time
credit for pre-trial incarceration where the defendant is found indigent, did
not post bond, and is assessed a maximum sentence.  Ex parte Harris, 946 S.W.2d 79, 80
(Tex. Crim. App. 1997).  To deny time
credit would violate equal protection of the law because the defendant would be
incarcerated beyond the maximum penalty due to indigence.  Id.