TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-06-00300-CV





In re Phillip Sammy Patton





ORIGINAL PROCEEDING FROM TRAVIS COUNTY




M E M O R A N D U M O P I N I O N


Phillip Sammy Patton is serving a four-year prison sentence imposed in cause number
973852 following his conviction for aggravated assault with a deadly weapon. Acting pro se, he
moved the trial court for judgment nunc pro tunc to obtain additional jail time credit. The motion
was denied. Patton then petitioned this Court for writ of mandamus under the authority of Ex parte
Ybarra, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004). 
Patton’s petition and the responses of the trial judge and district attorney are in
agreement regarding the relevant facts. Patton was arrested on April 20, 1996, and charged with
intoxication manslaughter in cause number 964280. He was released from jail on personal bond on
April 30. That bond was later forfeited and, on January 16, 1997, Patton was rearrested. He was
released again on March 28, 1997, this time on a surety bond.
On September 12, 1997, Patton pleaded guilty to manslaughter in cause number
964280. At the same time, Patton also pleaded guilty to aggravated assault with a deadly weapon
in cause number 973852. Apparently, the information in the latter cause was filed that day, and it
is agreed that the alleged assault was based on the same incident underlying the manslaughter
prosecution. On January 12, 1998, a sentence of five years’ imprisonment was imposed in the
manslaughter case (964280), and Patton was placed on deferred adjudication probation in the assault
case (973852).
On December 8, 1999, Patton was released from prison, presumably on parole. 
Insofar as we are told, he remained at large subject to the conditions of his deferred adjudication
probation in cause number 973852 until September 17, 2004, when he was arrested on a capias
issued after the State moved to adjudicate him guilty in that cause. Patton remained in jail until
November 3, 2004, when he was adjudicated guilty of aggravated assault and sentenced to four
years’ imprisonment. The trial court’s judgment in cause number 973852 gives Patton jail time
credit from September 17 to November 3, 2004.
Patton contends that he is entitled to jail time credit in cause number 973852 for the
following periods: April 20 to April 30, 1996, when he was in jail following his arrest for
intoxication manslaughter; January 16 to March 28, 1997, when he was in jail after his personal bond
was forfeited in the manslaughter case; and January 12, 1998 to December 8, 1999, when he was in
prison serving the manslaughter sentence.
A criminal defendant must be given credit on his sentence for the time he spends in
jail “in said cause.” Tex. Code Crim. Proc. Ann. art. 42.03, § 2 (West Supp. 2005). Under the
statute, credit must be given in each cause that was “an independent and sufficient cause of
detention.” Ex parte Crossley, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979). Before September
12, 1997, the only cause pending against Patton was number 964280, the manslaughter case. Cause
number 973852 was not an independent and sufficient basis for Patton’s incarceration during April
1996 and from January to March 1997 because it had not been filed. Similarly, Patton’s
imprisonment from January 1998 to December 1999 was solely the result of his sentence in cause
number 964280; at that time, Patton was on deferred adjudication probation in cause number
973852. Patton was first incarcerated in cause number 973852 on September 17, 2004, when he was
arrested on the capias. The judgment in cause number 973852 gives Patton credit for this jail time.
Patton has not shown himself entitled to the relief he seeks. The petition for writ of
mandamus is denied.
 
 
                                                __________________________________________
                                                David Puryear, Justice
Before Justices B. A. Smith, Puryear and Waldrop
Filed: July 25, 2006