# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00300-CV

**In re Phillip Sammy Patton**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Phillip Sammy Patton is serving a four-year prison sentence imposed in cause number 973852 following his conviction for aggravated assault with a deadly weapon. Acting pro se, he moved the trial court for judgment nunc pro tunc to obtain additional jail time credit. The motion was denied. Patton then petitioned this Court for writ of mandamus under the authority of *Ex parte Ybarra*, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004).

Patton's petition and the responses of the trial judge and district attorney are in agreement regarding the relevant facts. Patton was arrested on April 20, 1996, and charged with intoxication manslaughter in cause number 964280. He was released from jail on personal bond on April 30. That bond was later forfeited and, on January 16, 1997, Patton was rearrested. He was released again on March 28, 1997, this time on a surety bond.

On September 12, 1997, Patton pleaded guilty to manslaughter in cause number 964280. At the same time, Patton also pleaded guilty to aggravated assault with a deadly weapon

in cause number 973852. Apparently, the information in the latter cause was filed that day, and it is agreed that the alleged assault was based on the same incident underlying the manslaughter prosecution. On January 12, 1998, a sentence of five years' imprisonment was imposed in the manslaughter case (964280), and Patton was placed on deferred adjudication probation in the assault case (973852).

On December 8, 1999, Patton was released from prison, presumably on parole. Insofar as we are told, he remained at large subject to the conditions of his deferred adjudication probation in cause number 973852 until September 17, 2004, when he was arrested on a capias issued after the State moved to adjudicate him guilty in that cause. Patton remained in jail until November 3, 2004, when he was adjudicated guilty of aggravated assault and sentenced to four years' imprisonment. The trial court's judgment in cause number 973852 gives Patton jail time credit from September 17 to November 3, 2004.

Patton contends that he is entitled to jail time credit in cause number 973852 for the following periods: April 20 to April 30, 1996, when he was in jail following his arrest for intoxication manslaughter; January 16 to March 28, 1997, when he was in jail after his personal bond was forfeited in the manslaughter case; and January 12, 1998 to December 8, 1999, when he was in prison serving the manslaughter sentence.

A criminal defendant must be given credit on his sentence for the time he spends in jail "in said cause." Tex. Code Crim. Proc. Ann. art. 42.03, § 2 (West Supp. 2005). Under the statute, credit must be given in each cause that was "an independent and sufficient cause of detention." *Ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979). Before September

2

12, 1997, the only cause pending against Patton was number 964280, the manslaughter case.  Cause number 973852 was not an independent and sufficient basis for Patton's incarceration during April 1996 and from January to March 1997 because it had not been filed.  Similarly, Patton's imprisonment from January 1998 to December 1999 was solely the result of his sentence in cause number 964280; at that time, Patton was on deferred adjudication probation in cause number 973852.  Patton was first incarcerated in cause number 973852 on September 17, 2004, when he was arrested on the capias.  The judgment in cause number 973852 gives Patton credit for this jail time.

Patton has not shown himself entitled to the relief he seeks.  The petition for writ of mandamus is denied.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Filed:   July 25, 2006

3