NO. 07-11-00283-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 19, 2011

IN RE JAY GID BRYAN, RELATOR

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.

**MEMORANDUM OPINION**

Relator Jay Gid Bryan has filed a petition for writ of mandamus asking us to compel the judge of the trial court to enter a judgment *nunc pro tunc* modifying Bryan's judgment of conviction to reflect additional pre-sentence jail-time credit.[1] According to his petition, relator is incarcerated in a state jail and sought the requested jail-time credit by motion for judgment *nunc pro tunc* which the trial court denied. For the following reasons, we will deny relator's petition.

Attached to relator's petition are copies of several documents, but none are certified or sworn.[2] Among these is a document entitled "motion for judgment *nunc pro*

---

[1] Relator entitles his petition "emergency request for writ of mandamus," but does not explain why it was not filed in this court until almost four months after the trial court denied his motion.

[2] The documents include an "inmate booking record," purportedly from Colfax County, New Mexico and indicating confinement in jail from December 8, 2003, to December 17, 2003; an "inmate intake and release," purportedly from "Summit County

*tunc*" which for this discussion we accept as relator's moving document in the trial court. According to the motion, relator sought twenty-seven days' jail-time credit from the trial court. Yet his petition before us asks that we order the trial court to grant him twenty-five days' jail-time credit.

A writ of mandamus may issue in a criminal case when the relator has no adequate remedy at law and the act to be compelled is ministerial rather than discretionary. *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding). "In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent in jail for the case[.]" Tex. Code Crim. Proc. Ann. art. 42.03 § 2(a)(1) (West Supp. 2010). If the trial court fails to award such credit at the time sentence is imposed, a motion for judgment *nunc pro tunc* is ordinarily used to obtain pre-sentence jail-time credit. *Ex parte Florence,* 319 S.W.3d 695, 696 (Tex.Crim.App. 2010) (per curiam) (citing *Ex parte Ybarra,* 149 S.W.3d 147, 148 (Tex.Crim.App. 2004) (per curiam)); *see Collins v. State,* 240 S.W.3d 925, 928 (Tex.Crim.App. 2007) (stating judgment *nunc pro tunc* appropriate method of correction if court's records do not mirror judgment actually rendered). A judgment *nunc pro tunc* corrects only clerical errors and not judicial omissions. *Ex parte Poe,* 751 S.W.2d 873, 876 (Tex.Crim.App. 1988). A clerical error does not arise from judicial reasoning or

Sheriff's Office," and showing in highlighted text "release date . . . 04/30/2007, release credit . . . 04/13/2007 . . . Texas NCIC hit has been cleared"; a "jail credit inquiry screen" showing among "jail dates credited": "12 14 2003 TO 12 18 2003" and page one of a "nunc pro tunc judgment adjudicating guilt" bearing a September 23, 2010, file stamp and showing among dates credited for time served "12/17/03 to 12/18/03." The documents do not reveal in what state the Summit County document was generated; there are counties named Summit in more than one state.

determination. *Id.* "A motion for judgment *nunc pro tunc* or a writ of mandamus to the appellate court if such a motion is denied will provide a remedy only if the right to pre-trial jail-time credit is absolutely indisputable under the terms of Article 42.03, Section 2(a)(1)." *In re Brown,* No. WR-75,485-01, 2011 Tex. Crim. App. Lexis 498, at *1 (Tex.Crim.App. Apr. 13, 2011) (per curiam).[3]

For several reasons, relator is not entitled to the requested mandamus relief. A petition for writ of mandamus must contain a certification that every factual statement in the petition is supported by competent evidence included in the appendix or record. Tex. R. App. P. 52.3(j). Relator's petition contains no certification. With the petition the relator must file a record containing, among other things, "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1). Relator's petition does not meet this requirement. His petition does not even contain the written judgment relator contends is subject to *nunc pro tunc* modification.

Moreover, even had relator presented a petition in the form required by Rule of Appellate Procedure 52, we would be unable to grant the requested relief. What relator asks requires more than a mere ministerial act correcting a clerical error. If a determination is possible, it requires judicial reasoning. For example, in his petition and trial court motion relator explained on April 13, 2007, he was arrested in "Summit

---

[3] We state these general legal precepts because of their applicability to the procedure relator chose. Our discussion should not be taken as an endorsement of pursuing an issue such as that presented here by a post-conviction remedy rather than at the time direct appeal was available. *In re Brown,* 2011 Tex. Crim. App. Lexis 498, at *1.

County" on a Hale County, Texas, warrant and also for a "business dispute." Bond was set at $7,500 for the business dispute and according to relator and the sheriff's office intake summary, relator was released on bond. Determining whether jail-time in Summit County was served for the "business dispute" or the same case for which relator was convicted and sentenced in Hale County, and for which he now seeks credit, would present a matter for judicial determination based on the interpretation of article 42.03 § 2(a)(1). *See In re Brown,* 2011 Tex. Crim. App. Lexis 498, at *5; *cf. Ex parte Crossley,* 586 S.W.2d 545, 546 (Tex.Crim.App. 1979) (applying former article 42.03 § 2 and stating "[o]n the face of it, the applicant was not confined in the same cause for which he was sentenced"). Further, none of the documents relator filed prove the dates shown on relator's jail records are for pre-sentence time relator spent in jail for this case. Relator's documents demonstrate some apparent overlap of dates between those for which credit was previously granted and those for which additional credit is sought. The fact that relator asks us for different relief than that requested of the trial court indicates the uncertainty in relator's proof. Thus, it is not "absolutely indisputable" that relator is entitled to any pre-sentence jail-time credit beyond what he may already have been granted. For all these reasons, we deny relator's petition for writ of mandamus.

James T. Campbell<br>
Justice

4