NO. 07-11-00283-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
19, 2011

 



 

IN RE JAY GID BRYAN, RELATOR



 



 

 

Before CAMPBELL
and PIRTLE, JJ., and BOYD, S.J.

 

 

MEMORANDUM OPINION

 

            Relator
Jay Gid Bryan has filed a petition for writ of mandamus asking us to compel the
judge of the trial court to enter a judgment nunc pro tunc modifying Bryan’s judgment of conviction to reflect
additional pre-sentence jail-time credit.[1]  According to his petition, relator is
incarcerated in a state jail and sought the requested jail-time credit by
motion for judgment nunc pro tunc
which the trial court denied.  For the
following reasons, we will deny relator’s petition.

Attached to relator’s petition are
copies of several documents, but none are certified or sworn.[2]  Among these is a document entitled “motion
for judgment nunc pro tunc” which for
this discussion we accept as relator’s moving document in the trial court.  According to the motion, relator sought
twenty-seven days’ jail-time credit from the trial court.  Yet his petition before us asks that we order
the trial court to grant him twenty-five days’ jail-time credit.

A writ of mandamus may issue in a
criminal case when the relator has no adequate remedy at law and the act to be
compelled is ministerial rather than discretionary.  Ater v.
Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig.
proceeding).  “In all criminal cases the
judge of the court in which the defendant is convicted shall give the defendant
credit on the defendant’s sentence for the time that the defendant has spent in
jail for the case[.]”  Tex. Code Crim.
Proc. Ann. art. 42.03 § 2(a)(1) (West Supp. 2010).  If the trial court fails to award such credit
at the time sentence is imposed, a motion for judgment nunc pro tunc is ordinarily used to obtain pre-sentence jail-time
credit.  Ex parte Florence, 319 S.W.3d 695, 696 (Tex.Crim.App. 2010) (per
curiam) (citing Ex parte Ybarra, 149
S.W.3d 147, 148 (Tex.Crim.App. 2004) (per curiam)); see Collins v. State, 240 S.W.3d 925, 928 (Tex.Crim.App. 2007)
(stating judgment nunc pro tunc
appropriate method of correction if court’s records do not mirror judgment
actually rendered).  A judgment nunc pro tunc corrects only clerical
errors and not judicial omissions.  Ex parte Poe, 751 S.W.2d 873, 876
(Tex.Crim.App. 1988).  A clerical error
does not arise from judicial reasoning or determination.  Id.  “A motion for judgment nunc pro tunc or a writ of mandamus to the appellate court if such
a motion is denied will provide a remedy only if the right to pre-trial
jail-time credit is absolutely indisputable under the terms of Article 42.03,
Section 2(a)(1).”  In re Brown, No. WR-75,485-01, 2011 Tex. Crim. App. Lexis 498, at
*1 (Tex.Crim.App. Apr. 13, 2011) (per curiam).[3]

            For
several reasons, relator is not entitled to the requested mandamus relief.  A petition for writ of mandamus must contain
a certification that every factual statement in the petition is supported by
competent evidence included in the appendix or record.  Tex. R. App. P. 52.3(j).  Relator’s petition contains no
certification.  With the petition the relator
must file a record containing, among other things, “a certified or sworn copy
of every document that is material to the relator’s claim for relief and that
was filed in any underlying proceeding.” 
Tex. R. App. P. 52.7(a)(1). 
Relator’s petition does not meet this requirement.  His petition does not even contain the
written judgment relator contends is subject to nunc pro tunc modification.  

            Moreover,
even had relator presented a petition in the form required by Rule of Appellate
Procedure 52, we would be unable to grant the requested relief.  What relator asks requires more than a mere
ministerial act correcting a clerical error. 
If a determination is possible, it requires judicial reasoning.  For example, in his petition and trial court
motion relator explained on April 13, 2007, he was arrested in “Summit County”
on a Hale County, Texas, warrant and also for a “business dispute.”  Bond was set at $7,500 for the business
dispute and according to relator and the sheriff’s office intake summary,
relator was released on bond. 
Determining whether jail-time in Summit County was served for the
“business dispute” or the same case for which relator was convicted and
sentenced in Hale County, and for which he now seeks credit, would present a
matter for judicial determination based on the interpretation of article 42.03
§ 2(a)(1).  See In re Brown, 2011 Tex. Crim. App. Lexis 498, at *5; cf. Ex parte Crossley, 586 S.W.2d 545,
546 (Tex.Crim.App. 1979) (applying former article 42.03 § 2 and stating “[o]n
the face of it, the applicant was not confined in the same cause for which he
was sentenced”).  Further, none of the
documents relator filed prove the dates shown on relator’s jail records are for
pre-sentence time relator spent in jail for this case.  Relator’s documents demonstrate some apparent
overlap of dates between those for which credit was previously granted and those
for which additional credit is sought. 
The fact that relator asks us for different relief than that requested
of the trial court indicates the uncertainty in relator’s proof.  Thus, it is not “absolutely indisputable”
that relator is entitled to any pre-sentence jail-time credit beyond what he
may already have been granted.  For all
these reasons, we deny relator’s petition for writ of mandamus. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

            








 











[1] Relator entitles his petition “emergency request for
writ of mandamus,” but does not explain why it was not filed in this court
until almost four months after the trial court denied his motion.

 





[2] The documents include an “inmate booking record,”
purportedly from Colfax County, New Mexico and indicating confinement in jail from
December 8, 2003, to December 17, 2003; an “inmate intake and release,”
purportedly from “Summit County Sheriff’s Office,” and showing in highlighted
text “release date . . . 04/30/2007, release credit . . . 04/13/2007 . . .
Texas NCIC hit has been cleared”; a “jail credit inquiry screen” showing among
“jail dates credited”: “12 14 2003 TO 12 18 2003” and page one of a “nunc pro
tunc judgment adjudicating guilt” bearing a September 23, 2010, file stamp and
showing among dates credited for time served “12/17/03 to 12/18/03.” The
documents do not reveal in what state the Summit County document was generated;
there are counties named Summit in more than one state. 





[3] We state these general legal precepts because of
their applicability to the procedure relator chose.  Our discussion should not be taken as an
endorsement of pursuing an issue such as that presented here by a
post-conviction remedy rather than at the time direct appeal was available.  In re
Brown, 2011 Tex. Crim. App. Lexis 498, at *1.