

# NUMBER 13-15-00264-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROBERT MATTHEW VILLARREAL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Perkes**[1]

Relator, Robert Matthew Villarreal, proceeding pro se, filed a petition for writ of mandamus on June 16, 2015. Through this original proceeding, relator seeks to compel the trial court to consider and rule on relator's motion for nunc pro tunc judgment regarding relator's 2011 third-degree felony conviction for the possession of a controlled substance

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

in a drug -free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West, Westlaw through Ch. 46 2015 R.S.).[2] We deny the petition for writ of mandamus as stated herein.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

---

[2] This original proceeding arises from trial court cause number 11-08-11,496A in the 135th District Court of DeWitt County, Texas. The Honorable Kemper Stephen Williams is the respondent in this case. *See* TEX. R. APP. P. 52.2.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see White v. Reiter*, 640 S.W.2d 586, 594 (Tex. Crim. App. 1982). There is no adequate remedy at law for a trial court's failure to rule because "[f]undamental requirements of due process mandate an opportunity to be heard." *See In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding) (citing *Creel v. Dist. Atty. for Medina Cnty.*, 818 S.W.2d 45, 46 (Tex. 1991)). Thus, in proper cases, mandamus may issue to compel the trial court to act. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

The Texas Court of Criminal Appeals has held that where the trial court fails to respond to a nunc pro tunc motion, the appropriate remedy is to seek relief in the appellate courts by way of a petition for a writ of mandamus. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam) (regarding the clerical correction by nunc pro tunc motion of pre-sentence jail time credit).

## II. BURDEN OF PROOF

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the

3

contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661.

### III. BACKGROUND

By one issue, relator contends that mandamus should issue ordering the trial court to hear and rule on relator's motion for nunc pro tunc judgment to correct his time served. Relator contends that the judgment of conviction entered failed to properly credit him with the time served incarcerated while awaiting sentencing. In the instant case, relator's petition for writ of mandamus was filed in substantial compliance with the Texas Rules of Appellate Procedure and contains sections for the identity of parties, the table of contents, an index of authorities, a statement of facts, a statement of jurisdiction, the issues presented, argument and authorities, and prayer. *See generally* TEX. R. APP. P. 52. Although the certification does not follow the specific format required by the appellate rules, relator has verified the contents of the petition as true and correct. *See id.* R. 52.3(j). The petition includes argument supported by appropriate citations to authority and to documents included in the appendix. *See id.* R. 52.3(h).

Relator contends that the respondent has disregarded his motions for nunc pro tunc judgment "for over a year despite efforts in bringing it to his attention." Relator asserts that he has filed two separate motions for nunc pro tunc judgment, which the District Clerk's office presented to the respondent, but which have not yet been ruled on and more than a year has passed.

4

Relator filed an appendix with his petition. The appendix to the petition includes three items of supporting documentation:

(1) relator's judgment of conviction:

(2) A letter dated September 17, 2013 from Deputy District Clerk Rachel Hernandez directed to the respondent, the District Attorney, and relator's trial attorney stating "Enclosed please find a copy of the Motion for Judgment Nunc Pro Tunc (Credit for Time Served) filed September 13, 2013, by the defendant . . . ."

(3) A letter dated August 12, 2014 from Deputy District Clerk Shawna Tucker directed to the respondent, the District Attorney, and relator's trial attorney stating "Enclosed please find a copy of the Motion to Enter Nunc Pro Tunc Order filed August 11, 2014, by the defendant . . . ."

Relator did not file a record with his petition for writ of mandamus.

This Court requested and received a response to the petition for writ of mandamus from the State of Texas, acting by and through the District Attorney of DeWitt County, Texas. The State's response states that the "trial court did not abuse its discretion in crediting relator's jail time," and argues, in pertinent part:

> Since relator was in jail on other charges as per the DeWitt County Jail, and he was not served with this indictment on August 26, 2011, his jail time in this case started accruing on August 26, 2011. Relator was given credit from the time of service of the capias until the judgment. This was all the credit to which Relator was entitled. *See Ex [Parte] Bobby Crossley*, 586 S.W.2d 545 (Tex. Crim. App. 1979).

The State thus asks us to deny the petition for writ of mandamus and "uphold the findings and rulings" of the trial court. The State's response to the petition failed to contain an appendix or record containing the trial court's ruling on relator's motions for nunc pro tunc judgment. Upon request by this Court to supplement its appendix, the State notified us that, although the trial court's file contains relator's nunc pro tunc motions, "[t]o date, no order regarding the motion for nunc pro tunc has been entered."

5

The State's response to the petition for writ of mandamus focuses on the merits of relator's motions for nunc pro tunc judgment rather than the trial court's exercise of its ministerial duty in ruling on the motions themselves. However, the substantive merit of relator's motions is not before us in this original proceeding. "While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner." *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding). Thus, while we have jurisdiction to direct the trial court to make a decision on relator's motions for nunc pro tunc judgment, we may not tell the court what that decision should be. *See In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding); *In re Blakeney*, 254 S.W.3d at 661; *In re Shredder Co.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding); *In re Ramirez*, 994 S.W 2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding).

## IV. ANALYSIS

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

6

In examining whether a motion has been pending for an unreasonable amount of time, we note that the trial court has broad discretion in managing its docket, but that discretion is not unlimited. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 654 (Tex. 2007) (orig. proceeding); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Accordingly, the trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661. Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See id.* at 662; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *In re Blakeney,* 254 S.W.3d at 661; *In re Keeter*, 134 S.W.3d at 253; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *In re Blakeney,* 254 S.W.3d at 661; *see Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228–29. Periods of eighteen months, thirteen months, and four months have been held to be too long for a trial court not to rule. *See In re Kleven*, 100 S.W.3d at 644–45 (eighteen months and four months); *In re Ramirez*, 994 S.W.2d at 684 (eighteen months); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (thirteen months); *see also In re Armstrong*, No. 06-11-00100-CV, 2011 WL 5561705, at *1 (Tex. App.— Texarkana Nov. 16, 2011, orig. proceeding) (mem. op.) (thirteen months).

In this case, relator's initial motion for nunc pro tunc judgment has been pending since September 17, 2013, a period of more than twenty-one months. Relator's second motion to enter a nunc pro tunc order has been pending since August 12, 2014, a period of more than ten months. We agree with relator that these periods of time appear to exceed a reasonable period within which to expect a ruling. *See In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228.

Nevertheless, although relator has provided us with a record showing that his motions were filed, relator has not met his burden to show that the trial court received and was aware of the motions, that he was requested to rule, and that he failed or refused to act. Generally, entitlement to mandamus relief requires a relator to establish a legal duty to perform a non-discretionary act, a demand for performance, and a refusal. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding); *In re Cullar*, 320 S.W.3d 560, 564 (Tex. App.—Dallas 2010, orig. proceeding). This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. *In re Villarreal*, 96 S.W.3d at 710. Specifically with regard to the circumstances of this case, a court is not required to consider a motion that is not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). In this regard, the mere filing of a motion does not equate to a request that the trial court rule on the motion. *See In re Sarkissian*, 243 S.W.3d at 861; *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. In re Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion."). Here, there is nothing in the limited record before this Court to establish that relator has ever requested a ruling on his motions or otherwise called the motions to the respondent's attention. *See Barnes*,

8

832 S.W.2d at 426 (denying mandamus petition where relator did not ask for a hearing on his motions or take any action to alert trial court that it had not yet considered his motions). Stated otherwise, it appears the relator did not take any action to alert the trial court that it had not yet considered his two motions. Accordingly, relator has not furnished an appendix sufficient to support his claim for relief insofar as he has not demonstrated that his pleadings were presented to the respondent and the respondent has refused to rule on them. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that the petition should be denied. Accordingly, we deny the petition for writ of mandamus without prejudice. In so holding, we do not reach the merits of relator's pleadings or direct the trial court regarding how to rule on them. *See In re Blakeney*, 254 S.W.3d at 661; *O'Donniley*, 860 S.W.2d at 269.

GREGORY T. PERKES
Justice

Delivered and filed the
23rd day of July, 2015.

9