NO. 07-10-0135-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 22, 2010

_____

DONALD EARL COLLINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 249TH DISTRICT COURT OF JOHNSON COUNTY;

NO. F42536; HONORABLE D. WAYNE BRIDEWELL, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

We have before us a rather novel question posed by Donald Earl Collins. After the State succeeded in having his community supervision or probation revoked, he asked the trial court to grant him credit on his ten-year prison sentence equal to the time he sat in prison while serving a different sentence. The trial court granted him some relief but not all that he sought. We affirm the judgment.

*Background*

The circumstances before us involve two distinct driving while intoxicated offenses for which appellant was prosecuted simultaneously. One resulted in his conviction and imprisonment (Conviction A). The other resulted in his conviction and probation (Conviction B). The two sentences were then ordered to run concurrently. As a condition of appellant's probation, he was required to particate in a substance abuse program. While serving his prison sentence for Conviction A, the State sent appellant to the program in question. He refused to participate in it. Instead, he, as opposed to the State, moved to have his probation revoked. Nothing transpired with regard to his motion, though. Several months later, the State filed its own motion, which was heard by the trial court. That resulted in the revocation of appellant's probation and sentence to prison for Conviction B. Before sentencing, though, appellant asked the court to credit him with time spent serving Conviction A. The trial court refused that as well as his request for credit for the period beginning from the time he moved to revoke his own probation. The trial court did grant him credit, though, from the time the State filed its motion.

*Jail Time Credit*

Simply put, appellant wants his Conviction B sentence to be credited for time spent serving his Conviction A sentence. At most, the period contemplated should begin either at the time he began serving his Conviction A sentence or at the time he moved to revoke his probation. Because both issues before us are premised on that contention, we consider them together.

2

It is true that a defendant normally is entitled to credit for the time he spends confined while awaiting the adjudication of a motion to revoke. *Ex parte Bates,* 978 S.W.2d 575, 577-78 (Tex. Crim. App. 1998). Yet, seldom, if ever, is it the defendant that seeks to have his probation terminated. The desire to end probation usually is that of the State. But, whether it is the State or the defendant that moves for revocation is unimportant to our resolution of this appeal. This is so because a condition precedent to the validity of either argument is non-existent, that condition being compliance with art. 42.03 §2(a) of the Texas Code of Criminal Procedure.

Through art. 42.03 §2(a), the legislature directed that in all criminal cases, "the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail *for the case,* other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.03 §2(a)(1) (Vernon Supp. 2009) (emphasis added). As can be seen, the plain wording of the provision mandates that the defendant receive credit for the time spent jailed before his conviction. But, of import is the phrase "for the case" appearing in the statute. From its location in the edict, the credit at issue relates not just to any time the defendant spent incarcerated before conviction. Rather, it is the time one is incarcerated for the case in which he is ultimately tried and convicted. *See Martinez v. State,* No. 13-04-0085-CR, 2005 Tex. App. LEXIS 6000 at *8 (Tex. App.– Corpus Christi July 28, 2005, no pet.) (not designated for publication) (stating that the trial court must award credit for time served in the same offense and not time spent serving a sentence in an independent cause).

3

According to the record before us, appellant was not jailed for the crime underlying Conviction B prior to the time the trial court revoked his probation. Indeed, his plea bargain excluded that since he was granted probation; that is, he was not supposed to go to jail for having committed that offense. Instead, his imprisonment arose from the sentence levied in response to Conviction A. Consequently, the circumstances at issue do not fit those contemplated by art. 42.03 §2(a)(1). And, because of that, it matters not who filed the motion to revoke.[1]

Appellant's issues are overruled, and the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Publish.

---

[1]As for those complaints founded upon due process, they were not preserved since they were not made below. *See Gonzalez v. State,* 301 S.W.3d 393, 400-01 (Tex. App.–El Paso 2009, no pet.) (requiring an appellant to preserve his due process complaints for appeal by asserting them at trial).