NO. 07-10-00475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 27, 2012

CHRISTOPHER RON AMASON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,383-C; HONORABLE ANA ESTEVEZ, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Christopher Ron Amason, pleaded guilty to sexual assault[1] and was placed on deferred adjudication community supervision for a period of two years. Subsequently, appellant was adjudicated guilty of the original offense and sentenced to serve twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant appeals, contending that he is entitled to additional jail time credit against his sentence and that the portion of the judgment

---

[1] See TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West 2011).

ordering him to pay attorney's fees should be deleted. We will modify the judgment and affirm the judgment as modified.

## Factual and Procedural Background

Appellant was indicted in the instant offense on May 28, 2008. At the time of the indictment, appellant was on parole from prison in Cause No. 13,450-A. Appellant had been convicted of the first offense in 2004 and paroled on November 1, 2006. On June 23, 2009, appellant entered a plea of guilty to the instant offense and was placed on two years deferred adjudication community supervision. That same day, appellant was returned to the Randall County Detention Center to await transfer to ID-TDCJ. On July 28, 2009, appellant was returned to the ID-TDCJ as a result of his parole violation. Appellant was released from ID-TDCJ on March 26, 2010, after discharging his sentence in Cause No. 13,450-A.

The State filed a motion to adjudicate appellant on July 21, 2010. Subsequently, appellant was adjudicated guilty of the sexual assault indictment and sentenced to serve 12 years confinement in the ID-TDCJ. After appellant was sentenced to his prison term, he filed a motion for Judgment Nunc Pro Tunc, wherein appellant contended that he was entitled to time credit from June 23, 2009, the date appellant entered his original plea of guilty, to July 28, 2009, the date appellant was returned to ID-TDCJ to serve the balance of his sentence in Cause No. 13,450-A. The trial court denied the request for Judgment Nunc Pro Tunc. Appellant appeals, essentially arguing for additional time credit for the same reasons presented to the trial court. Additionally, appellant asks this court to eliminate the requirement that he repay the attorney's fees

2

paid to appointed counsel. We modify the judgment by eliminating the requirement to repay the attorney's fees and affirm the judgment of the trial court as modified.

## Additional Time Credit

Appellant's request for additional time credit is based upon language in the judgment adjudicating appellant guilty. That judgment contained the following statement: "The sentence shall run concurrently." According to appellant's theory, this means that the sentence in the instant case ran concurrently to the sentence imposed in Cause No. 13,450-A.

Appellant's theory of the case is in error. First, the judgment adjudicating appellant guilty was dated October 27, 2010, and filed on November 16, 2010. Appellant had discharged his sentence in Cause No. 13,450-A on March 26, 2010. Notwithstanding the prior discharge of the sentence, appellant contends that the concurrent language in the judgment adjudicating appellant guilty relates back to when he was originally placed on deferred adjudication, June 23, 2009. This is so, according to appellant, because he was not released but was returned to the Randall County Detention Center. Under appellant's theory, the language of The Texas Code of Criminal Procedure Ann. art. 42.03 § 2(a)(1)[2] controls the disposition of this matter. Art. 42.03 § 2(a)(1) states that "the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case, other than confinement served as a

---

[2] Further reference to the Texas Code of Criminal Procedure will be by reference to "Art. ___" or "art. ___."

condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court." Art. 42.03 § 2(a) (West Supp. 2011).

We have visited this issue previously and are guided by our previous decision. In our previous decision, this Court determined that the controlling phrase for applying this section of the Code of Criminal Procedure was *"in jail for the case."* See Collins v. State, 318 S.W.3d 471, 473 (Tex.App.—Amarillo 2010, pet. denied).[3] (emphasis added) When our holding in Collins is applied to the facts of this case, the following becomes apparent. The time appellant spent in jail after he entered his initial plea of guilty and was placed on deferred adjudication community supervision was related singularly to his parole revocation in Cause No. 13,450-A. This time had nothing to do with the case to which appellant is attempting to apply it; appellant had not even been adjudicated guilty in the instant case at the time. Accordingly, appellant's first two issues are overruled.

Attorney's Fees

The State has conceded error in the assessment of attorney's fees in the judgment adjudicating appellant guilty. See Art. 26.05(g) (West Supp. 2011). Accordingly, appellant's requested relief is granted. The judgment is modified by striking the portion of the judgment requiring appellant to pay $1,400.00 in appointed attorney's fees.

---

[3] Accord In re Morris, No. 11-10-00379-CR, 2011 Tex. App. LEXIS 1031, at *2 (Tex.App.—Eastland Feb. 11, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Conclusion

Having overruled appellant's first two issues and ordered the judgment to be modified to delete the appointed attorney's fees, we affirm the judgment of the trial court as modified. TEX. R. APP. P. 43.2(b).

Mackey K. Hancock
Justice

Do not publish.