# NO. 12-21-00127-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SARAH  PERERO,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Sarah Perero filed this original proceeding to complain of Respondent's failure to correct jail time credit and assessment of court costs.[1]  We deny the writ.

## BACKGROUND

On September 21, 2018, Relator was arrested for theft of property in an amount more than $750 but less than $2,500, possession of a controlled substance, and assault on a public servant.  She was released on September 23.  In the theft case, she was indicted on October 3, 2019, and posted bond on October 28, without bond conditions.  In the assault case, Relator posted bond on December 30, 2019.  In January 2020, Respondent signed the following notice in both the theft and assault causes:

> The Defendant has unsigned conditions of bond or other bond issues pending before the Court. This is a direct violation of your bond and if the conditions of bond are not signed, the Court shall deem your bond insufficient, reset your bond and order a warrant for your arrest. Defendant is ORDERED to immediately come to the 7th District Court Office on the 2nd Floor of the Smith County Courthouse, Room 203 and see Criminal Coordinator Toni White, to Sign the conditions in order for your bond to be sufficient. A waiver of arraignment shall not be accepted unless the Defendant has signed the conditions of bond and is in compliance with all bond conditions and requirements.

---

[1] Respondent is the Honorable Kerry L. Russell, Judge of the 7th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

Relator subsequently signed bond conditions in the assault case. In July, Respondent received a bond violation report in the assault case and issued an arrest warrant. The record contains a jail records search, which indicates that Relator was booked on October 31, 2020, and the charges listed include assault and theft.

On December 4, 2020, Relator pleaded "guilty" to the theft charge. At a sentencing hearing on February 25, 2021, she informed Respondent that she would rather accept a six-month jail sentence over three years' deferred adjudication as long as she received credit for all the time she already served. Respondent also considered the assault case and unfiled possession charge as part of the punishment pursuant to Section 12.45 of the Texas Penal Code.[2] The Smith County Sheriff's Department provided a "credit for time served" sheet, which indicates that Relator was incarcerated on the theft charge September 21, 22, and 23 of 2018 and February 25, 2021, for a total of four days. The judgment gives Relator four days of jail time credit.

On March 17, Relator filed a motion for new trial on punishment. She stated that the amount of jail time credit she would receive factored into her decision to accept the sentence and she believed she had more credit than reflected in the judgment. At the hearing thereon, Respondent stated:

> …I think she wanted the more serious charge thrown out through the 12.45, and she thought she was getting credit on the case she was pleading on for the time she'd been locked up on the other charge because she'd violated her bond conditions by using drugs while she was on bond.
>
> …Not the first defendant that, I guess, made the misstep of not getting their bond company to go off their bond on their other case or their other cases. So it happens -- not often, but fairly regularly -- where they're in jail on one case; they're not in jail on the other case.
>
> They think, in their mind, that they're getting credit on all the cases, just because they're in jail. Which, of course, the law doesn't provide for. It can be fixed, but it requires having the bond company go off the bond.

Relator responded that "[d]ue to a clerical paperwork error, it looks like they didn't come off of my bond. But we notified them within 48 hours of my arrest. We received our surety money back. And I've sat my six months." Respondent replied as follows:

> It's not the first defendant that's had multiple cases, that they've been in jail on one and not on the other, and they're getting credit on one and they're not getting credit on the other.

---

[2] *See* TEX. PENAL CODE ANN. § 12.45 (West 2019) (admission of unadjudicated offense).

The law says you get credit on case by case. In other words, you don't sit in jail on one and you get to transfer that credit over to your other case.

Now, were you in jail? Yes, you were. Should your case have been handled long before it was? Yes, it should have….

…

And then, lo and behold, you test dirty, which brought about the warrant that got you put into jail on the assault charge. We don't typically put people on bond conditions on theft charges, just because the system would be overrun. So you were not on bond conditions on the theft charge. Thus, when you violated your other bond, there was nothing done on that bond.

Now, you've told me that you let the bond company know that they needed to go off of your bond. And they did file a surety off affidavit in the assault charge. It came into the court. Court looked at the file. The file showed you'd already lost your bond, so there was no bond for them to go off of in that case. Your bond company may have messed up. We can't control that. We don't go back and fix things….

Respondent expressed a willingness to grant a new trial as to the entire judgment, not just punishment, but explained there would be no further plea agreements and Relator would have to proceed on both the theft and assault cases. At the request of Relator's counsel, Respondent denied the motion for new trial. On April 30, Respondent signed an order of dismissal as to the assault charge. That same day, Relator filed a notice of appeal, and that appeal remains pending before this Court in cause number 12-21-00067-CR.

On May 3, Relator filed a motion for judgment nunc pro tunc to correct a clerical error. She maintained that the judgment's calculation of jail time credits was erroneous because she was in custody from October 31, 2020 through February 25, 2021. Thus, she requested a corrected judgment reflecting 121 days jail time credit, i.e., the original four days plus the 117 days between October 31 and February 25. In an email to Respondent's court coordinator, the State's counsel said that, after reviewing documents and checking the records of Relator's confinement, he believed those records to be accurate and the State did not object to the grant of a judgment nunc pro tunc. On May 6, Respondent denied Relator's motion. In the order, Respondent made several handwritten notations: (1) Relator posted bond on the theft charge on October 28, 2019 without bond conditions, (2) in the assault case, Relator posted bond on December 30, 2019 and signed bond conditions on February 14, 2020, (3) Respondent received a bond violation report in July 2020 in the assault case and ordered a warrant, (4) Relator was arrested on the assault charge on October 30, 2020, (5) Relator was on bond in the theft case

3

until sentenced on February 25, 2021 and "was given ALL of her time credits – the 4 days;" (6) Relator is not entitled to additional time credits from the assault case that was dismissed pursuant to a plea bargain under Article 12.45, and (7) the theft charge did not replace the assault charge.

On June 3, Relator filed a notice of appeal to challenge Respondent's denial of the motion. That notice of appeal was filed in appellate cause number 12-21-00067-CR. Relator filed this original proceeding on August 9.

## AVAILABILITY OF MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## DENIAL OF MOTION FOR NUNC PRO TUNC JUDGMENT

Relator contends that Respondent awarded her only four days of jail time credit when she was entitled to credit for time she spent in jail from October 31, 2020 through February 25, 2021.

**Applicable Law**

The convicting judge shall give the defendant credit on her sentence for the time she spent in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of community supervision, from the time of her arrest and confinement until her sentence. TEX. CODE CRIM. PROC. ANN. art 42.03 § 2(a)(1) (West Supp. 2020); *see* TEX. R. APP. P. 23.2. Based on Article 42.03's plain language, "the credit at issue relates not just to any time the defendant spent incarcerated before conviction." *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd). "Rather, it is the time one is incarcerated for the case in which he is ultimately tried and convicted." *Id*.; *see Ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979) (en banc) ("On the face of it, the applicant was not confined in the same cause for which he was sentenced"); *see also Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008) (courts construe statute according to plain language unless language is ambiguous or would lead to absurd results that legislature could not have intended); *Cooper v. State*, No. 05-19-00229-CR, 2020 WL 3496365, at *3 (Tex. App.—

4

Dallas June 29, 2020, no pet.) (mem. op., not designated for publication). The statute's language does not authorize time credit in one case for confinement in another case. ***In re Carpenter***, No. 12-13-00146-147-CR, 2013 WL 6388467, at *2 (Tex. App.—Tyler Dec. 4, 2013, orig. proceeding) (mem. op.; not designated for publication).

When "a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals." ***In re Brown***, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011); *see* ***Ex parte Florence***, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010).

## Analysis

It is undisputed that Relator is entitled to jail credit for September 21, 22, and 23 of 2018 and February 25, 2021, for a total of four days. The record also indicates that when Relator was incarcerated on the assault case, she remained on bond in the theft case because the bond company failed to comply with Article 17.16 of the Texas Code of Criminal Procedure, which sets forth the steps a surety must take to be released from liability on a bond.[3] Had Relator's bond been released, she would have been considered jailed on the theft case, not just the assault case, and would begin receiving jail time credit for the theft case. Relator argues that Respondent's refusal to correct this error resulted in a punishment that exceeded the parties' recommendation, is fundamentally unfair, and affects her substantial rights. According to Relator, the "for the case" language in Article 42.03 does not foreclose relief because the error was due to the bond company's mistake. She explains that her "substantial rights were affected because the bonding company's failure to file the affidavit resulted in the trial court's refusal to award her jail time credits, despite its knowledge of her incarceration, thereby imposing a sentence that exceeded the recommendation by the State."

However, when, as here, a statute is clear and unambiguous, the Legislature must be understood to mean what it expressed, and it is not for the courts to add to or subtract from the statute. ***Lomax v. State***, 233 S.W.3d 302, 308 (Tex. Crim. App. 2007). Under Article 42.03's

---

[3] Before forfeiture, a surety may relieve the surety of the surety's undertaking by: (1) surrendering the accused into the custody of the sheriff of the county where the prosecution is pending; or (2) delivering to the sheriff of the county in which the prosecution is pending and to the office of the prosecuting attorney an affidavit stating that the accused is incarcerated in: federal custody, subject to Subsection (a-1), the custody of any state, or any county of this state. TEX. CODE CRIM. PROC. ANN. art. 17.16(a) (West 2005).

clear and unambiguous language, Respondent was under a duty to give Relator credit only on her sentence for the time that she spent in jail for the case in which she was convicted and sentenced, i.e., the theft case. *See* TEX. CODE CRIM. PROC. ANN. art 42.03 § 2(a)(1). Thus, Respondent was required to determine whether Relator had been denied jail-time credit for a period of pre-trial incarceration for the identical "case" for which she was convicted and sentenced. ***Brown***, 343 S.W.3d at 805. According to the record, Respondent apparently concluded that Relator was not entitled to the extra jail time credits because the time she spent in jail for the assault case was not confinement for the case in which she was ultimately tried and convicted. *See **Crossley***, 586 S.W.2d at 546; *see also **Cooper***, 2020 WL 3496365, at *3; ***Collins***, 318 S.W.3d at 473. But whether Relator's incarceration for assault should count as incarceration for the same "case" as the theft "case" for which she was later convicted is a matter of statutory construction – manifestly a judicial rather than a ministerial function. ***Brown****,* 343 S.W.3d at 805 ("It does not seem to be disputed that the murder and evidence tampering arose from the same core facts. Whether that should suffice to render them the same 'case' for purposes of Article 42.03, Section 2(a)(1), however, is a matter of statutory construction—manifestly a judicial rather than a ministerial function"). We do not review acts of judicial discretion via mandamus. *See **id**.* ("If a claim of pre-trial jail-time credit involves a question of the proper construction of the statute, as here, trial counsel would do well to try to preserve the issue for appellate resolution."); *see also **Young***, 236 S.W.3d at 210.

Accordingly, Relator cannot show "indisputably" that she has been denied presentence jail time credit to which she is entitled. *See **Brown****,* 343 S.W.3d at 805; *see also **In re Sanchez***, No. 14-17-00273-CR, 2017 WL 1573482, at *2 (Tex. App.—Houston [14th Dist.] Apr. 27, 2017, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denied mandamus relief where relator sought jail time credit for time served on previous conviction; mandamus relief not available to compel non-ministerial act); ***Carpenter***, 2013 WL 6388467, at *2; ***In re Pinto***, No. 04-13-00389-CR, 2013 WL 3422971, at *2 (Tex. App.—San Antonio July 3, 2013, orig. proceeding) (mem. op., not designated for publication) ("whether Pinto's incarceration under the illegal re-entry indictment and conviction should count as incarceration for the same case as the indecency with a child case for purposes of article 42.03" was not proper issue for mandamus). Therefore, she has failed to satisfy the ministerial act requirement for mandamus.

Relator complains that the judgment's $261.50 assessment of court costs is improper because the bill of costs includes costs for the "county specialty court account" and overcharges for the "courthouse security fund" and "local consolidated fee." Relator also challenges these costs in her brief filed in the appeal that is currently pending. She maintains that she filed this original proceeding should this Court determine that we lack jurisdiction to consider her appeal.

An appellant may challenge the imposition of court costs on direct appeal. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014); *see also Perez v. State*, 424 S.W.3d 81, 87 (Tex. 2014) (Alcala, J., concurring). The extraordinary remedy of mandamus is not a substitute for and cannot be used to perform the office of appeal. *In re Medina*, 475 S.W.3d 291, 305 (Tex. Crim. App. 2015) (orig. proceeding). This is true even when the appellate remedy is no longer available. *See In re Sims*, No. 12-15-00190-CV, 2016 WL 4379490, at *1 (Tex. App.—Tyler Aug. 17, 2016, orig. proceeding) (mem. op.). Even so, in some instances, when a remedy at law technically exists, it may be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate. *Medina*, 475 S.W.3d at 297. But this exception does not apply here. As previously stated, Relator already filed her appellate brief and the State filed its brief on September 10. And this Court has recently addressed these types of court cost issues in other appeals. *See McCollister v. State*, No. 12-20-00048-CR, 2021 WL 1916814 (Tex. App.—Tyler May 12, 2021, no pet.) (mem. op., not designated for publication) (addressing assessment of "county specialty court account," "courthouse security fund," and "local consolidated fee"); *see also Frater v. State*, No. 12-20-00113-CR, 2021 WL 1916702 (Tex. App.—Tyler May 12, 2021, no pet.) (mem. op., not designated for publication) (addressing assessment of "local consolidated fee").

Moreover, aside from a direct appeal, there are other "avenues for an alert defendant who believes that the court costs imposed against him are erroneous or should not be collected." *Perez*, 424 S.W.3d at 87 (Alcala, J., concurring).[4] For instance, "[o]n the filing of a motion by a

---

[4] Some avenues do not apply here. For example, "an appellant who is assessed court costs after expiration of the period of time when he could have filed a direct appeal or a challenge under article 103.008 could obtain relief through a petition for mandamus." *Perez v. State*, 424 S.W.3d 81, 87 (Tex. 2014) (Alcala, J., concurring). Here, court costs were not so tardily assessed. Also, an appellant may lawfully choose not to pay court costs until a written bill is "produced" or "ready to be produced." *Id*. at 80; *see* TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West 2018) (in a court other than a justice or municipal court, a cost is not payable by the person charged until a written bill containing the items of cost is produced, signed by the officer who charged the cost or who is entitled to

defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs." TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2018); *Perez*, 424 S.W.3d at 87 (Alcala, J., concurring). Or, when the State seeks to collect money from an inmate's trust account, a defendant may have a civil remedy to challenge the collection of costs. *Perez*, 424 S.W.3d at 89 (citing *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009)).

Because Relator has an appeal pending and there are additional remedies available to her, we conclude that Relator has an adequate remedy at law with respect to court costs. For this reason, she is not entitled to mandamus relief as to this issue. *See Young*, 236 S.W.3d at 210.

## DISPOSITION

Because Relator has not shown herself entitled to mandamus relief, we ***deny*** her petition for writ of mandamus.

BRIAN HOYLE
Justice

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

receive payment for the cost, and provided to the person charged with the cost). But a bill of costs has been filed in this case.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-21-00127-CR**

**SARAH  PERERO,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

---

**ORIGINAL PROCEEDING**

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Sarah Perero; who is the relator in appellate cause number 12-21-00127-CR and the defendant in trial court cause number 007-1435-19, pending on the docket of the 7th Judicial District Court of Smith County, Texas.  Said petition for writ of mandamus having been filed herein on August 9, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*