# NO. 12-21-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SARAH KING PERERO,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *PER CURIAM ORDER*

Pursuant to a plea agreement, Sarah King Perero pleaded "guilty" to theft of property in an amount more than $750 but less than $2,500. In accordance with the agreement, the trial court assessed punishment at six months in state jail. Appellant filed two notices of appeal to challenge the judgment and sentence, as well as the denial of her motion for judgment nunc pro tunc.

The clerk's record has been filed and contains a waiver of appeal signed by Appellant. The trial court's certification states that this is a plea bargain case and Appellant has no right of appeal. The certification is signed by Appellant and her counsel. *See* TEX. R. APP. P. 25.2(d). The clerk's record does not otherwise indicate that the trial court gave Appellant permission to appeal. *See* TEX. R. APP. P. 25.2(d).

In a plea bargain case, i.e., in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only: (A) those matters raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute. TEX. R. APP. P. 25.2(a)(2); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). Here, Appellant maintains that the certification is defective because the trial court assessed a sentence that exceeded the punishment

recommendation by awarding four days of jail time credit when she was entitled to a total of 122 days of credit. For this reason, she argues that her "case is 'not a plea bargain case' and her right of appeal is authorized by Article 44.02 [of the Texas Code of Criminal Procedure] and Rule 25.2 [of the Texas Rules of Appellate Procedure]." She asks this Court to direct the trial court to correct the certification to state that this is not a plea bargain case and she has the right to appeal.

Appellant presented her argument to the trial court that she did not receive all the jail time credits to which she is entitled, but the trial court denied her motion for judgment nunc pro tunc, apparently concluding that Appellant was not entitled to the extra jail time credits because the time she spent in jail on an assault case was not confinement for the theft case in which she was ultimately tried and convicted.[1] *See* TEX. CODE CRIM. PROC. ANN. art 42.03 § 2(a)(1) (West Supp. 2020) (convicting judge shall give defendant credit on sentence for time spent in jail for the case, from the time of arrest and confinement until sentence); *see also **Ex parte Crossley***, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979) (en banc) ("On the face of it, the applicant was not confined in the same cause for which he was sentenced"); ***Cooper v. State***, No. 05-19-00229-CR, 2020 WL 3496365, at *3 (Tex. App.—Dallas June 29, 2020, no pet.) (mem. op., not designated for publication); ***In re Carpenter***, No. 12-13-00146-147-CR, 2013 WL 6388467, at *2 (Tex. App.—Tyler Dec. 4, 2013, orig. proceeding) (mem. op., not designated for publication) (Article 42.03's language does not authorize time credit in one case for confinement in another case); ***Collins v. State***, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd) (under Article 42.03, "the credit at issue relates not just to any time the defendant spent incarcerated before conviction"). If Appellant is correct that she is entitled to the extra jail time credit, then her six month sentence is extended by over 100 days, and her punishment would exceed that recommended by the prosecutor and agreed to by the defendant. Accordingly, the record is not entirely clear as to whether the certification is correct that Appellant is not entitled to an appeal. *See **Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). Even so, we may require the trial court to certify whether there is a right to appeal, but we may not

---

[1] Appellant filed a petition for writ of mandamus with respect to this issue, but this Court did not address the merits of her complaint because Appellant failed to satisfy the ministerial act requirement for mandamus. ***In re Perero***, No. 12-21-00127-CR, 2021 WL 4203102, at *4 (Tex. App.—Tyler Sept. 15, 2021, orig. proceeding) (mem. op., not designated for publication).

dictate the contents of the certification.  *See **Greenwell v. Court of Appeals for Thirteenth Judicial Dist.**,* 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005) (orig. proceeding).

Accordingly,

It is ORDERED that this case is remanded to the Honorable Kerry L. Russell to (1) issue a new certification, or (2) if Appellant is not entitled to appeal, issue findings of fact and conclusions of law explaining why Appellant is not entitled to an appeal.  Such certification or findings and conclusions must be filed with the district clerk on or before **October 4, 2021**.

It is FURTHER ORDERED that a supplemental clerk's record including either a new certification or the trial court's findings and conclusions be certified to this Court on or before **October 11, 2021**.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this the 22nd day of September 2021, A.D.



*Katrina McClenny*

KATRINA MCCLENNY, CLERK

3