# NO. 12-21-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SARAH KING PERERO,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Pursuant to a plea agreement, Sarah King Perero pleaded "guilty" to theft of property in an amount more than $750 but less than $2,500. In accordance with the agreement, the trial court assessed punishment at six months in state jail. Appellant filed two notices of appeal to challenge the judgment and sentence, as well as the denial of her motion for judgment nunc pro tunc.

The clerk's record has been filed and contains a waiver of appeal signed by Appellant. The trial court's certification states that this is a plea bargain case and Appellant has no right of appeal. The certification is signed by Appellant and her counsel. *See* TEX. R. APP. P. 25.2(d). The clerk's record does not otherwise indicate that the trial court gave Appellant permission to appeal. *See* TEX. R. APP. P. 25.2(d).

In a plea bargain case, i.e., in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only: (A) those matters raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute. TEX. R. APP. P. 25.2(a); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). Appellant argues that the certification in this case is defective because the trial court assessed a sentence that exceeded the punishment

recommendation by awarding four days of jail time credit when she was entitled to a total of 122 days of credit. Thus, she maintains that her "case is 'not a plea bargain case' and her right of appeal is authorized by Article 44.02 [of the Texas Code of Criminal Procedure] and Rule 25.2 [of the Texas Rules of Appellate Procedure]."

Appellant presented her argument to the trial court that she did not receive all the jail time credits to which she is entitled, but the trial court denied her motion for judgment nunc pro tunc, apparently concluding that Appellant was not entitled to the extra jail time credits because the time she spent in jail on an assault case was not confinement for the theft case in which she was ultimately tried and convicted.[1] *See* TEX. CODE CRIM. PROC. ANN. art 42.03 § 2(a)(1) (West Supp. 2020) (convicting judge shall give defendant credit on sentence for time spent in jail for the case, from the time of arrest and confinement until sentence); *see also* ***Ex parte Crossley***, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979) (en banc) ("On the face of it, the applicant was not confined in the same cause for which he was sentenced"); ***Cooper v. State***, No. 05-19-00229-CR, 2020 WL 3496365, at *3 (Tex. App.—Dallas June 29, 2020, no pet.) (mem. op., not designated for publication); ***In re Carpenter***, No. 12-13-00146-147-CR, 2013 WL 6388467, at *2 (Tex. App.—Tyler Dec. 4, 2013, orig. proceeding) (mem. op.; not designated for publication) (Article 42.03's language does not authorize time credit in one case for confinement in another case); ***Collins v. State***, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd) (under Article 42.03, "the credit at issue relates not just to any time the defendant spent incarcerated before conviction"). In a per curiam order, we explained that if Appellant is correct that she is entitled to the extra jail time credit, then her six month sentence is extended by over 100 days, and her punishment would exceed that recommended by the prosecutor and agreed to by the defendant. Accordingly, we concluded that the record was not entirely clear as to whether the certification is correct that Appellant is not entitled to an appeal. *See* ***Dears v. State***, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We remanded the case to the trial court to (1) issue a new certification, or (2) if Appellant is not entitled to appeal, issue findings of fact and conclusions of law explaining why Appellant is not entitled to an appeal.

---

[1] Appellant filed a petition for writ of mandamus with respect to this issue, but this Court did not address the merits of her complaint because Appellant failed to satisfy the ministerial act requirement for mandamus. ***In re Perero***, No. 12-21-00127-CR, 2021 WL 4203102, at *4 (Tex. App.—Tyler Sept. 15, 2021, orig. proceeding) (mem. op., not designated for publication).

The trial court subsequently made several findings of fact, which we summarize as follows:

Appellant was indicted for a state jail felony theft charge in trial court cause number 007-1435-19 on October 12, 2019, and the case had no bond conditions;

Appellant was indicted for a third degree felony assault on a public servant charge in trial court cause number 007-1434-19 on October 12, 2019, and that case did have bond conditions;

Appellant violated her bond conditions in the assault case, the court granted a bond violation warrant on July 17, 2020, and Appellant was arrested on that warrant but remained on bond in the theft case;

Appellant negotiated a plea bargain agreement with the State in both cases;

Appellant pleaded "guilty", was found guilty, and was sentenced to six months in state jail on the theft offense;

The court gave Appellant credit for time served and she was remanded to the Smith County jail. The jail reported four days jail credit;

The court entered a certification that the case was a plea bargain agreement that the court followed and Appellant had no right of appeal, the court signed a waiver of motion for new trial and in arrest of judgment and waiver of right to appeal executed by Appellant and her counsel, confirming Appellant waived all appeal rights;

The court entered judgment in accordance with the plea agreement;

Appellant filed a motion for new trial and in arrest of judgment even though she waived same;

The court held a hearing on the motion for new trial and found that Appellant received all proper time credits but offered to grant a new trial and place both cases back on the docket for resolution. The court advised that it would not approve further plea bargains. After Appellant and her counsel conferred, Appellant stated she did not want a new trial and asked the court to deny the motion, which the court did;

The State filed a motion to dismiss the assault case, which the court signed;

Appellant's appellate counsel filed a motion for judgment nunc pro tunc, which the court denied;

The State's Rule 404(b) pretrial notice reflects Appellant's lengthy criminal history; thus, Appellant would "have been familiar with criminal arrests, bonds, and time credits and court procedures from her numerous past arrests and convictions."

For these reasons, the trial court found that Appellant was not entitled to appeal and waived such right to appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(d). Although this Court may require the trial court to certify whether there is a right to appeal, we may not dictate the contents of the

certification. *See **Greenwell v. Court of Appeals for Thirteenth Judicial Dist.***, 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005) (orig. proceeding). As previously stated, the trial court's certification reflects that Appellant has no right to appeal and the record shows she waived her right to appeal in a written waiver. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Based on our review of the record, including the trial court's recent findings, the trial court's certification appears to accurately state that Appellant does not have the right to appeal. *See **Dears***, 154 S.W.3d at 615. Because the trial court did not grant Appellant the right to appeal her conviction, we ***dismiss*** the appeal.

Opinion delivered October 20, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 20, 2021

NO. 12-21-00067-CR

**SARAH KING PERERO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1435-19)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*