# NOS. 12-22-00060-CR
# 12-22-00061-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SEAN DELANEY RALSTON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Sean Delaney Ralston, acting pro se, filed this original proceeding in which he asks this Court to correct the record to reflect his accurate jail time credits. In his appendix, Relator provides several documents, including an un-file marked motion for nunc pro tunc judgment and a petition for writ of coram nobis filed on February 24, 2022, both of which sought extra jail time credits. Respondent denied all pending motions on May 12, 2021.[1] The record before us does not reflect a ruling on the petition for coram nobis.

A convicting judge shall give the defendant credit on his sentence for the time he spent in jail for the case, including confinement served as described by Article 46B.009 and excluding confinement served as a condition of community supervision, from the time of arrest and confinement until sentence. TEX. CODE CRIM. PROC. ANN. art 42.03 § 2(a)(1) (West Supp. 2021); *see* TEX. R. APP. P. P. 23.2. Based on Article 42.03's plain language, "the credit at issue relates not just to any time the defendant spent incarcerated before conviction." *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd). "Rather, it is the time one is incarcerated for the case in which he is ultimately tried and convicted." *Id*. The statute's

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas. To the extent Relator complains that Judge Jackson did not preside over his earlier proceedings, we note that Judge Jackson replaced Judge Christi Kennedy as the presiding judge for the 114th District Court. The State of Texas is the Real Party in Interest.

language does not authorize time credit in one case for confinement in another case. *In re Carpenter*, No. 12-13-00146-147-CR, 2013 WL 6388467, at *2 (Tex. App.—Tyler Dec. 4, 2013, orig. proceeding) (mem. op.; not designated for publication). When "a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals." *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011); *see Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010).

It is a relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.—Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication); *see* TEX. R. APP. P. 52.7(a)(1) (requiring relator to provide "certified or sworn copy of every document that is material to the relator's claim for relief"). Here, the record does not include any documentation verifying that Relator was imprisoned on the dates he alleges or that he spent time in jail for the same case as that for which he was later convicted. *See In re Carpenter*, Nos. 12-12-00189-CR, 12-12-00190-CR, 2012 WL 3116517, at *2 (Tex. App.—Tyler July 31, 2012, orig. proceeding) (mem. op.) (not designated for publication) (denying mandamus relief, noting that record failed to include documentation verifying imprisonment on dates alleged). Accordingly, Relator cannot show "indisputably" that he has been denied presentence jail time credit to which he is entitled. *See Brown*, 343 S.W.3d at 805; *see also Florence*, 319 S.W.3d at 696. For this reason, we *deny* Relator's petition for writ of mandamus.

Opinion delivered April 14, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2022**

**NO. 12-22-00060-CR**

**SEAN DELANEY RALSTON,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by Sean Delaney Ralston; who is the relator in appellate cause number 12-22-00060-CR and the defendant in trial court cause number 114-81667-96 A & B, formerly pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on March 28, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2022**

**NO. 12-22-00061-CR**

**SEAN DELANEY RALSTON,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Sean Delaney Ralston; who is the relator in appellate cause number 12-22-00061-CR and the defendant in trial court cause number 114-81668-96 A & B, formerly pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on March 28, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*