In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00288-CR**
_____

**LARRY WHITMIRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 23000**
_____

**MEMORANDUM OPINION**

Larry Whitmire appeals the trial court's denial of his request to modify the judgment finding him guilty and imposing his sentence. Whitmire claims he is entitled to credit for additional time served. Finding no error, we affirm.

Background

In Trial Cause No. 23000, Whitmire waived a jury trial and after a bench trial the trial court found Whitmire guilty of the offense of evading arrest with a motor vehicle as alleged in the indictment. Whitmire elected for the trial court to assess

1

punishment. On July 11, 2022, the trial court announced Whitmire's sentence at five years of imprisonment, with credit for time served. The written judgment of conviction filed the same day credited Whitmire with five days of time served.

On August 2, 2022, Whitmire filed what he styled as a "Motion for Nunc Pro Tunc Correction of Judgment[,]" requesting the trial court give him credit in Cause No. 23000 for 413 days (from December 16, 2015 to January 31, 2017) that he spent in jail. Whitmire asserted in his motion that Exhibits B and C attached to the motion evidenced that he was sent to TDCJ on December 16, 2015, and on January 31, 2017, he was released on parole. On August 4, 2022, Whitmire filed a motion for new trial, which was overruled by operation of law.

On August 5, 2022, the State filed its Response to Defendant's Motion for Nunc Pro Tunc Correction of Judgment, arguing that Whitmire was arrested in this case on March 14, 2014 and released on March 19, 2014 (4 days credit), he first appeared in court on the offense for which he was indicted on November 20, 2019, after numerous re-settings Whitmire failed to appear for an August 27, 2021 hearing, and he was arrested again for the offense on November 16, 2021 and released the same day (giving him 1 day credit). According to the State, Whitmire was misleading the court and that all time periods of incarceration for which he was seeking credit were for another case – Case No. 19980 for the offense of Driving While Intoxicated – as evidenced by Exhibit B to Whitmire's motion.

2

## Jurisdiction

We first address the State's argument on appeal that this Court lacks jurisdiction to consider Whitmire's appellate issue because the denial of a motion for nunc pro tunc judgment is not an appealable order. Looking to the substance of Whitmire's "Motion for Nunc Pro Tunc Correction of Judgment[,]" rather than its title, we construe his motion as a motion to modify the judgment. *See Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000), *superseded by statute on other grounds as stated in Druery v. State*, 412 S.W.3d 523, 534 (Tex. Crim. App. 2013) (courts look to the substance of a pleading or motion, not its title, to determine its effect); *see also Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to the substance of a pleading rather than its caption or form to determine its nature). The trial court imposed Whitmire's sentence in open court on July 11, 2022. At that point in time, to be timely, Whitmire had thirty days to file his notice of appeal and thirty days to file a motion for new trial. *See* Tex. R. App. P. 26.2(a). On August 2, 2022, within thirty days of the imposition of sentence, Whitmire filed the motion to modify the judgment of conviction which credited five days of time served, and on August 4, 2022, also within thirty days of the imposition of sentence, he filed his motion for new trial. The filing of Whitmire's motion for new trial extended the filing deadline for Whitmire's notice of appeal to ninety days from the date his sentence was imposed. *See id.* The trial court had plenary power on August 16, 2022,

3

when it denied Whitmire's "Motion for Nunc Pro Tunc Correcting of Judgment[.]" *See State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005) (A trial court's plenary power expires thirty days after the sentence or an appealable order is signed, unless a party files a post-judgment motion for new trial.). Whitmire's appeal was filed on August 25, 2022, and it was timely. *See* Tex. R. App. P. 26.2(a). Accordingly, we have jurisdiction over the appeal. *Cf. Abbott v. State*, 271 S.W.3d 694, 695-96, n.6 (Tex. Crim. App. 2008) (defendant filed a motion to correct a judgment to reflect time credit, but his notice of appeal was from the order denying his time-credit motion and not from the judgment reflecting no time credit, and the notice of appeal that was filed was not timely because it was not filed within thirty days of the date sentence was imposed).

Trial Court's Denial of the Motion

Next, we address Whitmire's issue on appeal that the trial court abused its discretion in denying Whitmire's motion to modify the judgment to credit him the proper amount of time served. In all criminal cases, the judge of the court in which the defendant is convicted "shall give" the defendant credit on his sentence for the time he spent "in jail for the case, [] excluding confinement served as a condition of community supervision," from the time of arrest and confinement until sentenced by the trial court. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1); *see also Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). "In the event the court fails

4

to award such credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order and should do so." *Ex parte Ybarra*, 149 S.W.3d at 148 (citing Tex. R. App. P. 23.2).

On appeal, Whitmire argues he was entitled to 570 days of credit for time served. According to Whitmire, at the hearing on Whitmire's motion, he argued that although he was out on bond on this charge, he was put in jail on another charge but that the warrant for his arrest in this case was executed at the same time he was incarcerated on the other charge. Exhibits B and C attached to Whitmire's motion show that Whitmire's time served from December 16, 2015 through January 31, 2017 was in Cause No. 19980 for the offense of driving while intoxicated. Based on the record before us, we conclude the time served from December 16, 2015 to January 31, 2017 was time served for another case. Accordingly, Whitmire is not entitled to receive credit in Cause No. 23000 for the time he spent in jail on the other case. *See Ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979); *Ex parte Alvarez*, 519 S.W.2d 440, 443 (Tex. Crim. App. 1975); *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd). There is nothing to show that Whitmire was being held "in jail for the case"—Cause No. 23000—for any more than the five days credited in the judgment. We affirm the trial court's order denying Whitmire's motion.

AFFIRMED.

                                             _____

                                                   LEANNE JOHNSON
                                                      Justice

Submitted on April 4, 2023
Opinion Delivered April 19, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.