# NO. 12-23-00127-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BARDUL AJRO,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Bardul Ajro, appeals his conviction for the offense of theft. In two issues, he argues that the trial court erred by failing to give him credit for his full amount of presentence jail time. We affirm.

## BACKGROUND

On November 21, 2020, Appellant committed the offense of theft of property valued at less than $2,500.00, and subsequently posted a $10,000.00 bond to secure his release from the Smith County Jail.[1] He was indicted for the offense on September 9, 2021, and his bond increased to $30,000.00. For reason of insufficient bond, on September 23, an arrest warrant issued for Appellant (who was already serving a state jail sentence for an unrelated offense). Appellant was served with the arrest warrant while in the custody of Collin County on April 1, 2022, and posted the increased bond on April 28, while in the custody of Rockwall County.

On March 29, 2023, Appellant pleaded "guilty" to the theft offense. The trial court adjudicated Appellant "guilty," but postponed sentencing based on defense counsel's representation that Appellant's time credit as calculated by the court was incorrect. Before

---

[1] The record is unclear regarding exactly when Appellant was arrested and how long he was confined before posting bond. Similarly, although Appellant's defense counsel stated that all of Rockwall, Tarrant, Collin, and Wise Counties had custody of Appellant during the relevant time period, it is not apparent exactly *when* he was at each different facility or when he was moved from one county's custody to another.

sentencing, Appellant filed a Motion for Credit on Sentence asking the trial court to recalculate the amount of time credit. Thereafter, on April 10, the trial court held the sentencing hearing, imposed a sentence of twenty-four months' imprisonment, and credited Appellant for twenty-eight days of jail time. This appeal followed.

## TIME CREDIT

In two issues, Appellant contends that the trial court erred by (1) crediting his sentence with only twenty-eight days of jail time and (2) entering same in the judgment of conviction.[2]

**Applicable Law**

In all criminal cases, the trial court is required to give the defendant credit on his sentence for presentence jail time—the time during which he was "in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court[.]" TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1) (West 2023). Based on Article 42.03's plain language, "the credit at issue relates not just to any time the defendant spent incarcerated before conviction." *Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd). "Rather, it is the time one is incarcerated for the case in which he is ultimately tried and convicted." *Id.* The statute's language does not authorize time credit in one case for confinement in another case. *In re Ralston*, No. 12-22-00060-CR, 2022 WL 1121050, at *1 (Tex. App.—Tyler Apr. 14, 2022) (orig. proceeding) (mem. op., not designated for publication). In other words, Article 42.03 "requires that the trial court credit a defendant's sentence only for time spent in jail between arrest and confinement and subsequent sentence *on a particular charge*." *Cooper v. State*, No. 05-19-00229-CR, 2020 WL 3496365, at *3 (Tex. App.—Dallas June 29, 2020, no pet.) (mem. op., not designated for publication) (emphasis in original) (citing *Ex parte Crossley*, 586 S.W.2d 545, 546 (Tex. Crim. App. 1979)).

When a person is confined (either physically or constructively) by another jurisdiction, he is confined on a particular charge only if a detainer or "hold" is lodged against him by that jurisdiction. *Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) (op. on reh'g). The

---

[2] Typically, the correct avenue to seek additional presentence jail time credit is through a motion for judgment nunc pro tunc, but when (as here) the alleged failure to award credit involves the exercise of judicial reasoning, a judgment nunc pro tunc is not the proper remedy and an appellate court may address the merits of the claim. *See* **Benefield v. State**, No. 02-14-00099-CR, 2015 WL 4606273, at *7 n.10 (Tex. App.—Fort Worth July 30, 2015, pet. ref'd) (mem. op., not designated for publication); **Blackerby v. State**, No. 03–11–00272–CR, 2012 WL 6097306, at *3 (Tex. App.—Austin Dec. 5, 2012, no pet.) (mem. op., not designated for publication).

rationale for allowing a time credit under a detainer is that the hold results in a "change in the basis for (a prisoner's) confinement." *Id.* at 115. If no such detainer is filed, the defendant must show by some other evidence that the incarceration in another jurisdiction is for the same case. ***Hannington v. State***, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992).

<u>Analysis</u>

Appellant appears to suggest that he should be credited for time he spent incarcerated from September 23, 2021 (the date the Smith County arrest warrant issued), until April 28, 2022 (the date Appellant posted the increased bond), because the warrant constituted a "hold" from Smith County for the theft offense. Appellant further submits that "if notice of the hold . . . should have been provided [to another jurisdiction] but was not[,]" the lack of such notice may have "caused [Appellant] to have a reduced time credit." That is, he claims that because Smith County did not promptly inform the relevant jurisdiction or jurisdictions of the alleged "hold," Appellant should receive additional time credit for the delay. The State does not dispute that Appellant is entitled to credit for the time elapsed between when Appellant was *served* with the Smith County warrant for the subject theft offense and when he posted the increased bond. However, the State disagrees that Smith County's *issuance* of an arrest warrant for the theft offense began Appellant's confinement for that offense.

Texas courts that have examined the issue have determined that issuance of an arrest warrant related to one offense while the individual is incarcerated in another jurisdiction on a second offense, without a detainer or hold, does not trigger the accumulation of jail time credit for the first offense.[3] In ***Acosta v. State***, the State moved to revoke a criminal defendant's community supervision for violating his probationary conditions in May of 2001. ***Acosta v. State***, No. 08-01-00509-CR, 2003 WL 22451496, at *1 (Tex. App.—El Paso Oct. 28, 2003, no pet.) (mem. op., not designated for publication). The hearing on the State's motion to revoke occurred in December 2001, at which Acosta pleaded "true" to the violation and the trial court sentenced him to two years' imprisonment. *Id.* at *1. Acosta argued that he should receive time credit from the date the arrest warrant issued until his sentencing, a period during which he was incarcerated at a federal prison facility. *Id.* at *1-2. Acosta's probation officer testified that a capias warrant did issue in May 2001, but it was not received at the federal prison facility until

---

[3] Although both cases discussed hereafter are unpublished, we may take guidance from unpublished opinions to "aid in developing reasoning that may be employed." ***Carrillo v. State***, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

October 2001, because the probation office had difficulty locating Acosta within the federal prison system. *Id.* at *1. Our sister court reasoned that until the federal facility became aware of the warrant, the adverse effects that accompany the filing of a detainer could not have occurred, and the basis for Acosta's confinement did not change. *Id.* at *2 (citing *Bynum*, 772 S.W.2d at 115) (hold from another jurisdiction may deny a prisoner privileges and opportunities such as trusty status or early parole). Therefore, Texas did not obtain constructive custody of Acosta until the date on which the federal facility received the warrant. *Id.* at *3.

Similarly, in *Bertrand v. State*, the appellant was arrested in Hardin County in March 2013 for unauthorized use of a vehicle, posted bail and was released from custody. *Bertrand v. State*, No. 09-14-00374-CR, 2015 WL 2125266, at *1 (Tex. App.—Beaumont May 6, 2015, no pet.) (mem. op., not designated for publication). He was arrested in Hardin County again in October 2013 for public intoxication and a separate charge from Harris County and was thereafter first released to the Harris County authorities, then released to the Jefferson County authorities on other unrelated charges, and then turned over to the Texas Department of Criminal Justice. *Id.* In December 2013, Bertrand was indicted for the unauthorized use of a vehicle charge in Hardin County; a capias warrant issued and was served upon him on December 23, but Hardin County never issued a hold or detainer to any other jurisdiction. *Id.* Hardin County authorities finally took Bertrand into custody for the unauthorized use of a vehicle charge in June 2014. *Id.* The appellate court found that the time Bertrand spent in custody prior to June 2014 was all for unrelated offenses, and that he was not entitled to credit toward his sentence for any of that time. *Id.* at *3-4. The court did not find relevant that the Hardin County authorities "knew" he was already incarcerated, because without a detainer or hold, the adverse effects described as a concern in *Bynum* could not have occurred. *Id.* at *3-4. Further, Bertrand did not present any evidence that the time served prior to June 2014 was "directly attributable" to the Hardin County vehicle charge. *Id.* at *4.

Appellant admits that Smith County did not place a hold or detainer on him related to this case with any of Rockwall, Tarrant, Collin, or Wise Counties, and he offers no evidence that any portion of his incarceration prior to April 28, 2022, was for his theft conviction in Smith County. Appellant's situation in this case is similar to those of the appellants in *Acosta* and *Bertrand* in that the mere issuance of a warrant did not change the basis of his confinement in any other jurisdiction. His incarceration for separate, unrelated offenses in other counties at the time the

arrest warrant issued (and thereafter until he was sentenced for the theft offense in Smith County) does not prove that those separate terms of incarceration were *for* this case, rather than any of the other causes from the other counties. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1). The record before us provides no basis to credit Appellant with more than the twenty-eight days of jail time credited to him in the judgment.

To the extent Appellant claims that the Smith County authorities had some duty to issue a formal detainer (or otherwise inform the other relevant jurisdictions of the warrant's issuance), we disagree. Even presuming that Smith County authorities knew Appellant's location at a given time, their knowledge of Appellant's incarceration in another county on a separate offense does not "change the basis for his confinement, nor does it alter his status." *See **Gonzalez v. State***, No. 08-10-00130-CR, 2011 WL 2348478, at *2 (Tex. App.—El Paso June 8, 2011, no pet.) (mem. op., not designated for publication).

We conclude that the trial court did not err either by crediting Appellant's sentence with twenty-eight days of jail time, or by entering this amount of time credit in the judgment of conviction. Accordingly, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered November 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 8, 2023**

**NO. 12-23-00127-CR**

**BARDUL AJRO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1569-21)

        THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

        It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

        Brian Hoyle, Justice.
        *Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*